SCAD-16-0000112

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

THOMAS ALFRED LANDRY,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 7939.P1)

<u>ORDER OF RECIPROCAL SUSPENSION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Office of Disciplinary Counsel's February 26, 2016 petition for issuance of a reciprocal discipline notice to Respondent Thomas Alfred Landry, pursuant to Rule 2.15(b) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), the memorandum, declaration, and exhibits appended thereto, the March 15, 2016 notice of reciprocal discipline issued by this court, and Respondent Landry's March 29, 2016 submission, we note that, on October 27, 2015, the Massachusetts Supreme Judicial Court for Suffolk County issued an order suspending Landry from the practice of law in that jurisdiction for nine months, for charging and collecting an

excessive fee, failing to explain the contingent fee agreement to the clients with sufficient clarity to enable them to make an informed decision, and for knowingly giving false answers to the clients' questions regarding the fee agreement, in violation of Rules 1.5(a), 1.4(b), and 8.4(c) of the Massachusetts Rules of Professional Conduct. Respondent Landry's conduct, if committed in this jurisdiction, would constitute violations of Rules 1.4(b), 1.5(a), and 8.4(c) of the Hawaiʻi Rules of Professional Conduct. A review of the record establishes that none of the grounds set forth in RSCH Rule 2.15(c) for avoidance of reciprocal discipline in this jurisdiction exist in the present matter, and Respondent Landry's conduct, if committed in this jurisdiction, would justify a nine-month suspension. Therefore,

IT IS HEREBY ORDERED that Respondent Thomas Alfred Landry is suspended for nine months from the practice of law in this jurisdiction, pursuant to RSCH Rules 2.3(a)(2) and 2.15(c), effective thirty days after the entry of this order.

IT IS FURTHER ORDERED that Respondent Landry shall, in accordance with RSCH Rule 2.16(d), file with this court, within 10 days after the effective date of his suspension, an affidavit showing compliance with RSCH Rule 2.16(d).

IT IS FURTHER ORDERED that Respondent Landry shall bear any costs associated with these reciprocal proceedings, pursuant to RSCH Rule 2.3(c), upon approval of a timely-submitted verified

2

bill of costs by the Office of Disciplinary Counsel.

IT IS FINALLY ORDERED that Respondent Landry's reinstatement to practice in this jurisdiction is contingent upon submission of proof to this court of his successful reinstatement to practice in Massachusetts.

DATED: Honolulu, Hawai'i, April 8, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Richard W. Pollack

/s/ Michael D. Wilson

3